IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| DEL RIO MOVING AND STORAGE LLC | § § § § § § § § § § § § | |
| Plaintiff, | | |
| VS. | | Cause No. 2:18-CV-31 |
| UNION INSURANCE COMPANY and CHRISTOPHER MICHELS | | |
| Defendants. | | |

## DEFENDANT UNION INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Union Insurance Company ("UIC") respectfully notifies this Court of removal of the above-entitled action to the United States District Court for the Western District of Texas, Del Rio Division and for the Notice of Removal states:

## I.
## PROCEDURAL HISTORY

1.  This action, entitled *Del Rio Moving and Storage, LLC v. Union Insurance Company and Christopher Michels*, pending in the 63rd Judicial District Court of Val Verde County, Texas, Cause No. 3341 was commenced against UIC via the filing of Plaintiff's First Amended Petition on or about February 21, 2018. Plaintiff's amended pleading also alleged causes of action against adjuster Christopher Michels, Union Standard Lloyds and Union Standard Insurance Group, LLC. On April 5, 2018, Plaintiff filed its Notice of Nonsuit without Prejudice dismissing Union Standard Lloyds and Union Standard Insurance Group, LLC from the lawsuit.

2. Union Standard Lloyds is a citizen of Texas. Accordingly, there was not complete diversity of the properly named and served parties until Plaintiff dismissed Union Standard Lloyds from the litigation on April 5, 2018. Accordingly, this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3. Plaintiff alleges causes of action against Defendant UIC for breach of contract, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act. *See* Amended Petition at VI.-IX. Plaintiff alleges causes of action against Defendant Michels for violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act. *See id.* at X.-XI. Plaintiff claims actual damages, attorneys' fees, extra-contractual damages for Defendant's violations of the Texas Insurance Code, including exemplary and punitive damages, pre-judgment and post-judgment interest, and court costs. *See id.* at XIV.

4. Prior to filing this Notice, UIC provided written notice pursuant to Texas Insurance Code § 542A.006 that it elects to accept whatever liability its agent, Defendant Michels, might have to Plaintiff for any of Michels' alleged acts or omissions related to the claim.

## II.
## VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district and division.

## III.
## CITIZENSHIP OF THE PARTIES AND JURISDICTION

6. Plaintiff is a for-profit limited liability company formed in the State of Texas. Plaintiff is and was at the time this action commenced, a citizen of the State of Texas because all of its members are and were at the time this action was commenced citizens of the State of Texas.

7.  Defendant UIC is an insurance company organized under the laws of the State of Iowa with its principal place of business in the State of Iowa. UIC is now, and was at the time this action was commenced, a citizen of the State of Iowa.

8.  Defendant Michels has been improperly joined and his citizenship should be disregarded for the purposes of determining diversity jurisdiction. Thus, removal is proper because there is complete diversity between the properly joined parties under 28 U.S.C. § 1332.

9.  Defendant Michels is improperly joined and must be dismissed from the lawsuit with prejudice as to refiling of same pursuant to Texas Insurance Code § 542A.006(c) which provides:

> If a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election under Subsection (a) with respect to the agent, the court shall dismiss the action against the agent with prejudice. *Id.*

10. Additionally and in the alternative, Michels is improperly joined because Plaintiff fails to plead a claim for which relief can be granted against Michels. The Fifth Circuit recognizes two ways to establish improper joinder: (1) actual fraud in the pleading of facts establishing jurisdiction; or (2) lack of a reasonable basis for the district court to predict that the plaintiff might be able to recover against a non-diverse defendant. *Id.* at 205; *see Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied* 544 U.S. 992 (2005). In determining whether there is a reasonable basis to predict a plaintiff may recover against a non-diverse defendant, a court applies a Rule 12(b)(6)-type analysis to determine if the pleading contains facts sufficient to state a claim on its face. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). It is well-established that a Rule 12(b)(6) analysis incorporates the *federal* pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). *Id.* at 200. (emphasis in original). A Rule

12(b)(6)-like analysis requires courts to apply the federal pleading standard because the federal pleading standard is embodied in that analysis. *Id.* at 208.

11. To properly join an adjuster such as Defendant Michels, "[a plaintiff] must allege that [the adjuster defendant], as an individual, committed the violation that caused the harm." *Moore v. State Farm Mut. Auto Ins. Co.*, 2012 U.S. Dist. LEXIS 127564, *12 (S.D. Tex. Sept. 6, 2012) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 (5th Cir. 2004)). This means a plaintiff cannot plead collectively or in a conclusory manner but rather must provide a "factual fit between the plaintiff's allegation and the pleaded theory of recovery." *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999); *see also Cortez v. Meritplan Ins. Co.*, 2013 U.S. Dist. LEXIS 179691, *5-6 (S.D. Tex. Dec. 20, 2013) (holding pleading collectively and in a conclusory manner creates only an insufficient theoretical possibility of recovery).

12. Plaintiff's lawsuit arises from a first-party insurance claim for Defendants alleged failure, "to pay Plaintiff an appropriate amount for losses and damages caused to Plaintiff's property by an occurrence covered under their contract of insurance." *See* Amended Petition at IV. Plaintiff alleges, albeit in a conclusory manner, "Defendant Christopher Michels, without any reasonable basis therefore, opined that the damage to the roof was not covered because of a cosmetic endorsement." *See id.*

13. Plaintiff's pleaded facts fail to provide a reasonable basis to conclude Plaintiff has a valid claim against Defendant Michels. Plaintiff's pleading merely contains vague and conclusory recitations of claims with little to no factual support. *See id.* Because Plaintiff has not pleaded facts which fit a properly pleaded theory of recovery, there is no reasonable basis to allow this Court to conclude Plaintiff has a valid claim against Defendant Michels. Given this,

the Court should disregard Defendant Michels' citizenship for purposes of the removal determination.

## IV.
## AMOUNT IN CONTROVERSY

14. Plaintiff seeks monetary relief, "over $200,000.00 but not in excess of $1,000,000." *See id.* at III., ¶8. Thus, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied because it is "facially apparent" the amount in controversy exceeds $75,000. *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

## V.
## NOTICE TO STATE COURT

15. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will promptly be given to all parties and to the clerk of the 63rd District Court of Val Verde County, Texas.

## VI.
## JURY DEMAND

16. Pursuant to Federal Rule of Civil Procedure 38, Defendant UIC demands a trial by jury.

## VIII.
## CONCLUSION

17. Defendant UIC respectfully gives notice this state court action has been removed and placed on this Court's docket for further proceedings. UIC further requests any additional relief to which it may be justly entitled.

Respectfully submitted,

/s/ Jennifer G. Martin
**JENNIFER G. MARTIN**
Attorney-in-Charge
Texas State Bar No. 00794233
Email: jennifer.martin@wilsonelser.com
**MICHAEL D. ROSE**
Texas State Bar No. 24035610
Email: michael.rose@wilsonelser.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
(214) 698-8000 Phone
(214) 698-1101 Facsimile

**ATTORNEYS FOR DEFENDANTS UNION INSURANCE COMPANY AND CHRISTOPHER MICHELS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record in accordance with the Federal Rules of Civil Procedure, on this the 4th day of May 2018.

Timothy M. Hoch
Hoch Law Firm, P.C.
5616 Malvey Avenue
Fort Worth, TX 76107

/s/Jennifer G. Martin
JENNIFER G. MARTIN